UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                       :

SIVA NALABOTU,                         :

                          Plaintiff,     :          25 Civ. 8660 (LGS)

                                         :

                -against-             :              ORDER

                                         :

OMNIA INVESTMENT ADVISORS et al.,   :
                           Defendants. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff moves for default judgment against Defendant William Overstreet.

WHEREAS, the Complaint does not adequately allege that the Court has personal jurisdiction over Defendant Overstreet. A federal court sitting in New York has personal jurisdiction over a non-resident who, as relevant here, (1) "transacts any business within the state," or (2) "commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." CPLR § 302(a)(1), (3). In each instance, the asserted claim must arise out of the activity providing a basis for personal jurisdiction. *See SPCA of Upstate New York, Inc. v. Am. Working Collie Ass'n*, 963 N.E.2d 1226, 1228-29 (N.Y. 2012).

WHEREAS, the Complaint alleges that Overstreet is a citizen of Texas who resides in Texas. The Complaint alleges that personal jurisdiction exists because "this action arises from Defendants' transaction of business in the Southern District of New York and from their actions causing tortious injury in the Southern District of New York." However, the Complaint contains

no factual allegations supporting this legal conclusion as to Overstreet. The Complaint alleges that another defendant "found" Overstreet to guarantee a promissory note provided to Plaintiff. The Guaranty, which is attached as an Exhibit to the Complaint, states that it was "made in" Delaware. Overstreet signed the guaranty in Texas. The Complaint contains no factual allegations that Overstreet transacts business in New York, expects or reasonably should expect that the tortious conduct alleged in the Complaint would have consequences in New York or satisfies any other requirement for personal jurisdiction under CPLR § 302.

WHEREAS, additionally, the Order entered March 23, 2026, directed Plaintiff to serve a copy of that Order, and the papers upon which it was granted, by March 25, 2026. Plaintiff has not filed proof of service of those documents. It is hereby

ORDERED that, by **May 4, 2026**, Plaintiff shall file a letter (and, if necessary, a declaration attesting to relevant facts) stating the basis for personal jurisdiction over Defendant Overstreet.

ORDERED that, by **April 28, 2026**, Plaintiff shall file proof of compliance with the March 23, 2026 Order.

Dated: April 27, 2026
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2