**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SIVA NALABOTU, <br><br> *Plaintiff,* <br><br> v. <br><br> OMNIA INVESTMENT ADVISORS LLC, WILLIAM C. OVERSTREET, and DANIEL J. DOXEY, <br><br> *Defendants.* | Case No. 1:25-CV-8660-LGS <br><br> ~~PROPOSED~~ DEFAULT JUDGMENT AGAINST DEFENDANT WILLIAM C. OVERSTREET |

Upon Plaintiff's Order to Show Cause for Default Judgment; the Declaration of J.R. Skrabanek in support; the Clerk's Certificate of Default entered on March 17, 2026; the Affidavit of Service of the Complaint; the Affidavit confirming compliance with the Servicemembers Civil Relief Act, 50 U.S.C. § 3931 and that Defendant William C. Overstreet is not an infant, incompetent person, or person in military service; the Certificate(s) of Service of the default-judgment papers; and the other papers and proceedings had herein; and the Court having found that Defendant William C. Overstreet was duly served, failed to appear, answer, or otherwise respond to the Complaint, and is in default; and the Court having further found that Plaintiff has established Defendant William C. Overstreet's liability on Plaintiff's claim for breach of guaranty and fraud; it is hereby And Defendant Overstreet having failed to appear at the show cause hearing on April 28, 2026;

ORDERED, ADJUDGED, AND DECREED that Plaintiff's application for a default judgment is GRANTED; and it is further

ORDERED, ADJUDGED, AND DECREED that default judgment is entered in favor of Plaintiff Siva Nalabotu and against Defendant William C. Overstreet on Plaintiff's claims for breach of guaranty and fraud; and it is further

ORDERED, ADJUDGED, AND DECREED that Plaintiff shall recover from Defendant

William C. Overstreet ~~the total amount of $_____, consisting of:~~ in an amount to be determined by Magistrate Judge Sarah Netburn in a post-default judgment damages inquest.

(a) ~~principal in the amount of $350,000.00;~~

(b) ~~accrued interest through _____, 2026 in the amount of $_____;~~

(c) ~~attorneys' fees in the amount of $_____; and~~

(d) ~~costs in the amount of $_____; and it is further~~

~~ORDERED, ADJUDGED, AND DECREED that Plaintiff shall also recover prejudgment interest on the principal amount of $_____ at the rate of ____% per annum from _____ through the date judgment is entered; and it is further~~

~~ORDERED, ADJUDGED, AND DECREED that Plaintiff shall recover post-judgment interest on the entire judgment amount at the rate provided by 28 U.S.C. § 1961 from the date of entry of judgment until paid; and it is further~~

ORDERED that the Clerk of Court shall enter judgment accordingly in favor of Plaintiff on Claim II in the Complaint, for breach of guaranty Siva Nalabotu and against Defendant William C. Overstreet; and it is further

ORDERED that the Court finds no just reason for delay and directs entry of final on Claim II in the Complaint, for breach of guaranty judgment against Defendant William C. Overstreet pursuant to Fed. R. Civ. P. 54(b).

Dated: New York, New York
_____ April 29 , 2026

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

It is an "ancient common law axiom" that a defendant who defaults thereby admits all "well-pleaded" factual allegations contained in the complaint. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

Personal jurisdiction exists over Defendant Overstreet. The Complaint asserts a claim against Overstreet under section 12(a) of the Securities Act of 1933, which authorizes nationwide service of process. 15 U.S.C. § 77v(a). The Complaint alleges that Overstreet is a citizen of Texas, which suffices for personal jurisdiction under the 1933 Act. *See Das v. Rio Tinto PLC*, 332 F. Supp. 3d 786, 800 (S.D.N.Y. 2018). Pendent personal jurisdiction over the state law claims for fraud and breach of guaranty is proper because "the state claims derive from a common nucleus of operative fact" with the federal claim. *Sullivan v. UBS AG*, 149 F.4th 206, 225 (2d Cir. 2025).

With respect to the claim for breach of guaranty (Claim II), Delaware law applies because the Guaranty contains a Delaware choice of law provision. The Complaint adequately alleges that (1) a contract exists; (2) Overstreet breached contractual obligations; (3) Plaintiff was damaged thereby. *See Connelly v. State Farm Mut. Auto. Ins. Co.*, 135 A.3d 1271, 1278 n.28 (Del. 2016).

Judgment on the fraud claim (Claim VI) is held in abeyance pending resolution of that claim against the remaining Defendants in this action.